IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2008 MAR 21 A 9:54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Michael Phillips )
Full name and prison number )
of plaintiff(s) )
)
V. )
) CIVIL ACTION NO. 2:08cv200-MHT
Richard Allen Commissioner (DOC) ) (To be supplied by the clerk
) of U.S. District Court)
David Wise, Warden )
)
Mary Carter, assist Warden )
)
Officer Sweeney )
)
)
)
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal
        court dealing with the same or similar facts involved
        in this action?   YES( )   NO(xx)

    B.  Have you begun other lawsuits in state or federal
        court relating to your imprisonment?   YES( )   NO( )

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below. (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s) _____N/A_____

            Defendant(s) _____N/A_____

        2.  Court (if federal court, name the district; if
            state court, name the county) _____

            N/A

4

3. Docket number _____N/A_____

4. Name of judge to whom case was assigned _____
   _____N/A_____

5. Disposition(for example: Was the case dismissed? Was it appealed? Is it still pending?) _____
   _____N/A_____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II. PLACE OF PRESENT CONFINEMENT St. Clair Correctional Facility

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED St. Clair Correctional Facility

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

   NAME                               ADDRESS

1. Richard Allen, 301 S. Ripley Street, P.O.Box 301501, Montgomery AL 36130

55

2. David Wise 1000 St. Clair Rd., Springville, AL 35146-5582

3. Mary Carter 1000 St. Clair Rd., Springville, AL 35146-5582

4. Officer Sweeney, 1000 St. Clair Rd., Springville, AL 35146-

5. _____

6. _____

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED March 14,2008

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: _____See attached pages_____

5

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

See attached pages.

GROUND TWO: See attached pages.

SUPPORTING FACTS: See attached pages.

GROUND THREE: N/A

SUPPORTING FACTS: N/A

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

Make the defendants legally pay me for my injury and find a remedy to release me from prison legally.

*Michael D. Phillips*
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on March 18th, 2008.
(Date)

*Michael D. Phillips*
Signature of plaintiff(s)

7

COMPLAINT

Plaintiff demands a trial by jury.

COUNT I

This is a civil rights action filed by Michael Phillips, a state prisoner, for damages and injunctive relief under 42 U.S.C. §1983, alleging denial of shelter, food, sanitation and reasonable safety in violation of the eighth amendment to the United States Constitution and denial of rehabilitation in violation of the fourteenth amendment to the U.S. Constitution.

1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§1331(a) and 1343.

2. Plaintiff, Michael Phillips is incarcerated at the St. Clair Correctional facility, and was confined at the institution during the events described in this complaint.

3. Defendant Richard Allen, is the Commissioner of the Alabama Department of Corrections (herein after [DOC]) he is charged with the responsibility of managing the State of Alabama Penal institutions. He is sued in his individual and official capacity.

4. Defendant David Wise is the Warden at St. Clair Correctional Facility. He is charged with the responsibility of managing the St. Clair institution. He is sued in his official capacity.

5. Defendant Mary Carter is the assistant Warden at St. Clair Correctional facility. She is charged with the responsibility of security and assisting in managing the institution. She is sued in her individual and official capicity.

6. Defendant officer Sweeney is a Correctional Officer at the St. Clair Correctional Facility. He was charged with the responsibility of security on third shift, the night of Plaintiff injury. He is sued in his individual and official capicity.

7. Plaintiff has been housed at the St. Clair institution since 200 .

8. Plaintiff aver that he is entitled to be free of conditions which constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

9. Plaintiff aver that defendants, Commissioner Allen, Warden Wise and assistant Warden Carter are being deliberate indifference to plaintiff needs of adequate shelter. The institution has been overcrowded beyond designed capacity for several years. Plaintiff does not have 60 square feet of living space. The institution is deteriorating and dangerous conditions such as fire hazards and contagious disease of staph, hepatitis and fungus exist throughout the institution. Due to the overcrowdiness and under staffing at the institution, Plaintiff is subject to long lock-in periods.

10. Plaintiff aver that defendants commissioner Allen, Warden Wise and assistant Warden Carter, are being deliberate indifference to plaintiff needs of adequate ventilation and heating. The institution ventilation system does not work. There is no circulation of fresh air in the cells and cell blocks. Plaintiff is forced to breath in unfiltered air and horrible odors. Due to the lack of ventilation air born diseases are allowed to breed and spread throughout the cells and cell blocks. The heating system is also inadequate. In Winter

time there is little or no heat, and in spring time the heat is excessive and unbarable. Cells and cell blocks, doors and windows are unscreened, broken and not maintained.

11. Plaintiff aver that defendants commissioner Allen, Warden Wise and assistant Warden Carter, are being deliberate indifference to plaintiff needs of adequate lighting. The institution lighting system in cells and cell blocks are inadequate. The cells and cell blocks lighting fixture are deteriorating. Lights are broken or don't work properly. Due to the inadequate light system the institution cells and cell blocks are dim and/or dark. Plaintiff is forced to strain his eyes to read and write under these conditions.

12. Plaintiff aver that defendants commissioner Allen, Warden Wise and assistant Warden Carter are being deliberate indifference to plaintiff serious needs of sanitation. The institution is filthy. Plaintiff does not have access to house hold cleaning supplies to maintain his living area. The institution cells and cell blocks are infested with insects, rodents and contagious disease. The plumbing system is inadequate. Pipes are always bursting, leaving the institution without water for days at a time. In winter times the showers are cold. Due to the overcrowdiness of the institution, the city of Springville water system is backed up and sanitation and/or cleaning of the water supply is impossible.

13. Plaintiff aver that defendants commissioner Allen, Warden Wise and assistant Warden Carter are being deliberate indifference to plaintiff serious needs of adequate food. The institution is not nutritionally adequate. The food is not properly stored or prepared. the food is not served under sanitary conditions. The institution dining hall is unsanitary and infested with insects and rodents. Inmates who assist in the handling of food are not trained in

food storing, preparation or sanitation.

14. Plaintiff aver that defendant commissioner Allen, Warden Wise and assistant Warden Carter are being deliberate indifferent to plaintiff serious needs of reasonable safety. Violent inmates are not being properly classified, monitored or segregated. Inmates are placed in position of authority over other inmates. Due to the overcrowdiness and under staffing officers use scare tactics and excessive force to control the overcrowded inmate population. Assualts of officers on officers; inmates on inmates and officers on inmates are rapid and normal. DOC officials do not keep adequate records of incidents of violence.

15. Plaintiff aver that defendants commissioner Allen, Warden Wise and assistant Warden Carter are being deliberate indifference to plaintiff serious needs of reasonable safety. The institution is deteriorating, fire hazards exist due to exposed live wires hanging from building fixtures, and contagious disease such as staph, hepatitis and fungus are spreaded throughout the cells and cell blocks of the institution.

16. Plaintiff aver that defendants commissioner Allen, Warden Wise and assistant Warden Carter are being deliberate indifference to plaintif needs of an adequate classification process, education, work and programs for rehabilitation programs. The institutional classification process does not properly classify inmates. Inmates who are psychologically disturbed or mentally retarded are not being properly classified. Instead they are housed with the normal inmate population. Inmates who are eligible for lower level classification are likewise housed at the higher security institutions. These inmates are not being transferred to institutions which meets their needs.

Education, work and rehabilitation assistance are based on space, inmate and officer friendships or non-existing. Plaintiff is forced to live among psychological disturbed inmates and deteriorate under these conditions.

17. Plaintiff aver that these conditions bear no reasonable relationship to legitimate institutional goals.

18. Plaintiff aver that defendants commissioner Allen, Warden Wise and assistant Warden Carter, know or should have known the conditions exist and pose a serious risk to plaintiff physical and mental health, based upon Alabama Supreme Court precedent Haley v. Barbour County, 885 So.2d 783 (Ala. 2004); Federal District and Appellate Court precedent, Pugh v. Locke, 406 F.Supp. 318 (M.D.Ala.1976); Newman v. State of Ala., 559 F.2d 283 (1977); U.S. Supreme Court precedent Rhodes v. Chapman, 69 L.Ed.2d 59 (1981) and Hutto v. Finnely, 57 L.Ed.2d 522 (1978); and various statutory law under the Alabama Code of 1975 and the UNited States Code; and inmates complaints.

19. Plaintiff aver that defendants commissioner Alle, Warden Wise and assistant Warden Carter, after knowing these conditions set out in paragraphs 9-16 posed a serious risk to plaintiff mental and physical health, have done little or nothing to correct the conditions.

WHEREFORE, Plaintiff request that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The conditions maintained by defendants commissioner Allen, Warden Wise and assistant Warden Carter pose a serious risk to plaintiff mental and physical health in violation of plaintiff Eighth and fourteenth amendment rights to the United States Constitution.

2. The defendants commissioner Allen, Warden Wise and assistant warden Carter action in failing to correct the conditions violates plaintiff rights under the Eighth amendment of the U.S. Constitution.

B. Issue an injunction ordering defendants commissioner Allen, Warden Wise and assistant Warden Carter to reframe from enforcing the conditions in paragraphs 9-16, against plaintiff.

C. Award compensatory damages in the following amount:

1. One million dollars jointly and severally against defendants commissioner Allen, Warden Wise and assistant Warden Carter, for the emotional injuries and pain sustained as a result of the unconstitutional conditions.

D. Release plaintiff from the unconstitutional confinement and conditions of the Alabama penal system.

E. Grant such other relief as it may appear that plaintiff is entitled.

## COUNT II

1. On March 14, 2008 plaintiff and his two cell partners, inmate Kevin picket and Curtis Craig were housed at the St. Clair correctional facility.

2. Between the times of 1:00am to 4:00am, plaintiff was awaken from his sleep by his cell partner Curtis Craig screams and yells for help.

3. When plaintiff awoke he smelt smoke and saw that his cell and cell partner Curtis Craig was on fire.

4. Plaintiff jumped down off his top rack and tried to open their cell door. Realizing the door was locked and the cube officer Sweeney was asleep, plaintiff turned to his cell partner Curtis Criag and began to, try and put out the fire that was blazing from his body.

5. In a frantic and fearing the cell would burn up, plaintiff tried desperately a second time, to open the cell door, while he and his cell partner tried to put the fire out on their cell partner Curtis Craig.

6. With the second try plaintiff cell door flew open and inmate Curtis Craig ran out the cell and out of the cell block into the hallway. Plaintiff followed knowing he needed serious medical assistance for the burns he suffered and pain he felt in his hand, from trying to put the fire out on his cell and cell partner Curtis Craig.

7. Plaintiff and inmate Curtis Craig were transferred to the institution infirmary and the staff stated it was nothing they could do for plaintiff or inmate Curtis Craig.

8. Plaintiff was then transferred by paramedics to Carraway hospital, and treated for second and third degree burns.

9. An investigation was done by institutional supervisors and the investigation revealed, inmates were responsible for setting plaintiff cell and cell partner Curtis Craig on fire.

10. Plaintiff aver that he is entitled to be free of conditions which constitute cruel and unusual punishment in violation of the Eighth and fourteenth amendments of the U.S. Constitution.

11. Plaintiff aver that defendants commissioner Allen, Warden Wise and assistant Warden Carter and Officer Sweeney have been deliberate indifference to his needs of adequate shelter and reasonable safety of protection from inmates assaults.

12. The St. Clair institution where plaintiff is housed at as been overcrowded beyond designed capacity for several years. The institution is deteriorating, plaintiff does not have 60 square feet of living space. Dangerous conditions such as fire hazards, contagious disease of staph, hepatitis and fungus exist throughout the institution. Due to overcrowdiness and understaffing at the institution plaintiff is subject to long lock-in periods. Plaintiff is forced to live among inmates who are psychologically disturbed and mentally retarded.

13. Plaintiff aver that the defendants Commissioner Allen, Warden Wise, assistant Warden Carter and Officer Sweeney are being deliberate indifference to his serious needs of reasonable safety of protection from inmate assaults. Violent inmates who are known to engage in violence are not being properly classified, monitored or segregated. Assaults of inmates on inmates; officers on officers; and officers on inmates occur regularly. Inmates are placed in position of authority over other inmates. DOC officials use scare tactics and excessive force to control the overcrowded inmate population. DOC official do not keep

adequate records of incidents of violence, between officers on officers; and officers on inmates.

14. Plaintiff aver that these conditions along with the defendants failure to prevent inmates from tricking locked cell doors, having access to unsupervised work materials (gas) and defendant Sweeney sleeping on duty, while the incident of plaintiff cell and cell partner Curtis Craig being burned, directly resulted in his injury of sustaining second and third degree burns.

15. Plaintiff aver that these conditions bare no reasonable relationship to legitmate institutional goals.

16. Plaintiff aver that defendants commissioner Allen, Warden Wise, assistant Warden Carter and officer Sweeney knew or should have known the conditions exist and posed a serious risk to plaintiff mental and physical health, based upon, Alabama Supreme Court precedent Haley v. Barbour County, 885 So.2d 783 (Ala. 2004); Federal District and appellate court precedent, Pugh v. Locke, 406 F.Supp. 318 (M.D.Ala.1976) and Newman v. State of Ala., 559 F.2d 283 (1977) U.S. Supreme Court precedent Rhodes v. Chapman, 69 L.Ed.2d 59 (1981) and Hutto v. Finnely, 57 L.Ed.2d 522 (1978); and various statutory law under the Alabama Code of 1975 and the United States Code; and complaints from inmates.

WHEREFORE, Plaintiff request that the Court grant the following relief:

A. Compensatory damages in the following amount:

1. One million dollars jointly against defendants commissioner Allen, Warden Wise and assistant Warden Carter, for the emotional injuries and pain sustained as a result of the unconstitutional conditions.

2. Four million dollars jointly and severally against each defendant, commissioner Allen, Warden Wise, assistant Warden Carter and officer Sweeney for the actual injury sustained.

B. Award punitive damages in the following amount:

1. One million dollars against defendants commmissioner Allen, Warden Wise, assistant Warden Carter and officer Sweeney, for the emotional injuries and pain sustained as a result of the unconstitutional conditions.

2. Four million dollars against defendant officer Sweeney for the actual injury of second and third degree burns, as a result of his sleeping while plaintiff cell and cell partner were on fire.

C. Release plaintiff from the unconstitutional confinement and conditions of the Alabama penal system.

D. Grant such other relief as it may appear that Plaintiff is entitled.

Mr. Michael Phillips #216498
1000 St. Clair Rd Q-2-47
Springville, AL 35146-5582

To: U.S. District Court
Middle District of Alabama
15 Lee Street
P.O. Box 711
Montgomery, AL 36101-0711

FOR LEGAL PURPOSES ONLY