IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL PHILLIPS,<br>#216498, | ) | |
| | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CIVIL ACTION NO. 2:08-CV-200-MHT |
| | ) | [WO] |
| | ) | |
| RICHARD ALLEN, et al., | ) | |
| | ) | |
|     Defendants | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Michael Phillips ["Phillips"], a state inmate,

challenges the general conditions of confinement to which he is subjected at the St. Clair

Correctional Facility. He also asserts claims with respect to an incident which occurred in

his cell at such facility on March 14, 2008.

Upon review of the factual allegations presented in the complaint and in light of

applicable federal law, the court concludes this case should be transferred prior to service of

process to the United States District Court for the Northern District of Alabama pursuant to

28 U.S.C. § 1404.[1]

---

[1]Attached to the plaintiff's complaint is an affidavit in support of a request for leave to proceed *in forma pauperis*. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court makes no determination with respect to such request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

## DISCUSSION

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The majority of defendants reside in the Northern District of Alabama. Although by virtue of his position as commissioner of the Alabama Department of Corrections defendant Allen resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defends suits in all federal courts of this state. It is likewise clear from the plaintiff's recitation of facts that only correctional officials assigned to the St. Clair Correctional Facility are personally involved in the alleged constitutional violations made the basis of the instant complaint. Moreover, all of the claims presented in the complaint relate to conditions at this institution which is within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, it is clear that the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before April 9, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 27th day of March, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE